General Magnetic Corporation, a Corporation, Plaintiff-Appellant, v. Robert H. Erickson and Arnold Engineering Company, a Corporation, Defendants-Appellees.

Gen. No. 65–154.

Second District.

October 18, 1966.

Wallace, Kinzer & Dorn, of Chicago, and Eckert, Caldwell, Gleason & Berner, of Woodstock, for appellant.

Carroll, Leali & Gitlin, of Woodstock, for appellees.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of McHenry County dated August 5, 1965, dissolving a temporary injunction and dismissing the complaint of the plaintiff.

On September 4, 1964, General Magnetic Corporation filed a complaint against a former employee, Robert H. Erickson, and his new employer, Arnold Engineering Company. The complaint alleged that General Magnetic was a manufacturer of permanent magnets including a nonmetallic ceramic magnet of oriented barium ferrite. It further alleged that its particular methods used in the fabrication of barium ferrite magnets were developed under the supervision of Robert H. Erickson during the term of his employment with General Magnetic and were a trade secret and entitled to the full protection of the law normally afforded to trade secrets. The complaint charged further that Erickson was, in effect, lured from their employment by Arnold Engineering for the purpose of acquiring and using his knowledge of these secret techniques and that they believed Erickson had already disclosed some of the secrets to Arnold and would, unless restrained, disclose others.

Temporary injunctions were granted by the trial court on September 24, 1964, enjoining Erickson from disclosing those trade secrets and enjoining the Arnold Engineering Company from receiving or using such trade secrets.

On October 16, 1964, Arnold Engineering moved to require the plaintiff to amend its complaint and make the description of the alleged trade secrets more definite and certain and also asked that the temporary injunctions be dissolved. The plaintiff had, on October 13, filed its mo-

tion for Production of Documents requesting the trial court to order the two defendants to produce a long list of documents, letters, memoranda and other communications that involved the employment of Erickson by Arnold Engineering and its production of barium ferrite magnets.

On December 22, 1964, an order was entered by the trial court that denied defendant's motion for an order directing the plaintiff to particularize the complaint and continued generally the motion of defendant to dissolve the temporary injunction and plaintiff's motion to produce. That order also provided "that the above-entitled proceedings be set for hearing 'in camera' and that upon said hearing, evidence shall be limited to proofs tending to show the techniques, process, etc. alleged to constitute trade secrets of the plaintiff." The words "and whether or not such techniques and processes are in fact trade secrets" apparently followed the foregoing quotation from the order but apparently were stricken from the draft by the trial judge.

A hearing was held on February 8, 9, and 10, 1965, in compliance with that order at which the plaintiff presented the testimony of two witnesses in regard to the processes used in the production of its magnets that were allegedly secret. At the conclusion of that hearing, the defendants filed motions to dismiss the action on the grounds "that the proofs adduced failed to make out a prima facie case that plaintiff possesses protectable trade secrets." The trial court took the matter under advisement and on July 16, 1965, filed a memorandum that held that the proofs of the plaintiff did not show "a trade secret either in the aggregate process or in any particular step or combination of steps in the process." On the basis of that memorandum of decision, the court entered its decree sustaining the motions of the defendant and dis-

solving the temporary injunction and dismissing the action.

The plaintiff bases this appeal on its contentions that the trial court erroneously treated a preliminary and limited hearing as a full trial on the merits of the cause; that the decree was against the manifest weight of the evidence; and that the cause was not subject to a motion to dismiss under either sections 45 or 48 of the Civil Practice Act or subject to a motion for summary judgment under section 57 of that Act.

■ It is evident from the language of defendants' motions to dismiss, that they were not intended to be motions brought under sections 45, 48, or 57 of the Civil Practice Act and we will not, therefore, consider those factors in the plaintiff's appeal. The defendants, and the trial court, obviously treated the hearings of February 8, 9, and 10, 1965, as a full trial on the merits of all matters in issue between the parties. We agree with the contention of the plaintiff that it was reversible error so to do.

■ ■ It is axiomatic that all parties to a lawsuit are entitled to a full and complete trial on the merits of all matters properly in issue. Pettigrew v. National Accounts System, Inc., 67 Ill App2d 344, 213 NE2d 778. It is equally clear that a preliminary hearing, held for a restricted and specified purpose, cannot be considered a full trial of all matters in contention.

It is evident from the record that the order of the trial court that set the matter for a hearing "in camera" was responsive to the motion of the defendants for a more particularized complaint and to the plaintiff's motion to produce numerous and various documents. Unrestricted discovery procedures into the production techniques of either party could well have exacerbated the conditions that gave rise to the suit through disclosure of legitimate

trade secrets. It was necessary to narrow the issues between the parties and frame the discovery procedures to the essential points in dispute. For these reasons, a limited hearing to ascertain the specific techniques and processes that plaintiff contended were trade secrets was necessary.

■ The order of December 22, 1964, was explicitly limited "to proofs tending to show the techniques, processes, etc. alleged to constitute trade secrets . . ." The witnesses at that hearing testified that the plaintiff had developed a process of mixing the materials for the barium ferrite in wet form in a calcining kiln and then immediately crushing the hot barium as it leaves the kiln. Further processes reduced the water content before compacting the barium and provided a testing technique for the sintering furnace. These processes, and others described in detail by the witnesses, as well as the machines used with them, were, according to their testimony, unique in the industry and provided a significant advantage to the plaintiff over all competitors. The cross-examination of these witnesses was designed to show that the processes and techniques described were not, in fact, secret but were well known in the industry. However, it was not incumbent on the plaintiff at this stage in the proceeding to establish that the processes enumerated were in fact trade secrets. It was sufficient that the processes were described with reasonable precision and definition to clarify the issues involved. This it did, and the trial court could, and should, have proceeded to limit the issues to those processes and techniques described by the plaintiff's witnesses and directed the parties to complete their pretrial discovery on those points.

In view of our decision, it is not necessary to consider the contention of the plaintiff that the decision of the trial court was against the manifest weight of the evidence.

Accordingly, the action is reversed and remanded with instructions to proceed in accordance with the views contained herein.

Reversed and remanded.

MORAN, P. J. and DAVIS, J., concur.